**LINER v. AUTHEMENT et al. (two cases).**

Nos. 1198, 1199.

Court of Appeal of Louisiana. First Circuit.

Jan. 22, 1934.

For former opinion, see 150 So. 71, 72.

Harris Gagne, of Houma, for appellants.

C. A. Blanchard, of Morgan City, for appellee.

ELLIOTT, Judge.

Alphonse Authement, defendant-appellant, complains of our order, transferring this appeal to the Supreme Court.

He avers in his petition for rehearing on the subject that plaintiff's demand is inflated and that we have no authority to give orders to the clerk of the district court and sheriff of the parish of Terrebonne, such as were given concerning the matter.

Our authority for transferring the appeal is found in Act No. 19 of 1912. Section 2 of the act provides: "The judges of either Court shall regulate the costs incurred by the Appellant and proceedings to be had in such cases." This provision has reference to the duty and authority of the judges of the Supreme Court and Courts of Appeal in the matter of the cost and expenses resulting from the transfer. The orders of which complaint is made had in mind to render the transfer effective, and section 2 of the act seemed to authorize such orders. It did not occur to us at the time, however, that the Supreme Court might send the case back to the Court of Appeal, in which event triplicate copies of the transcript would be unnecessary and a useless expense. We have therefore concluded to modify our original order on that subject. Our original order herein is to that extent revoked and recalled, but our order transferring the appeal to the Supreme Court stands and remains in effect.

The return day fixed for the appeal to this court had expired at the time the transfer was ordered, and the day fixed by this court as the time when this appeal was to be lodged in the Supreme Court expired while the application for rehearing as to the transfer was pending. In Dobyns v. Yazoo & M. V. R. Co., 119 La. 72, 43 So. 934, a dis-

trict judge, in granting an appeal, omitted to fix a determinate day for the return as the law requires. Discovering the oversight, he, of his own accord, corrected it by fixing a definite day. The present situation is different from that which existed in the case mentioned, but we will save the appeal, if we can, by fixing a new day on which the appeal is to be lodged in the Supreme Court. February 21, 1934, is therefore fixed as the new day when this appeal is to be lodged in the Supreme Court. It is again ordered that all parties to this suit be duly and timely notified of this order. If the inflation alleged in the petition for rehearing exists to the extent that this court has jurisdiction, the Supreme Court will enter an appropriate order to that effect. We think we can modify our first order herein concerning the making and serving of triplicate copies of the transcript or record and can also ex parte and ex officio fix a new day on which the transfer is to be made, without granting a rehearing. Our original order herein, modified as stated, will stand the transfer to be made in conformity with the new day herein designated.

Rehearing refused.